D. Maimon Kirschenbaum
Denise Schulman
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 688-2548 (fax)
*Attorneys for Named Plaintiff proposed FLSA
Collective Plaintiffs, and proposed Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x

JORDAN FREY and JUSTINE HIDALGO, on behalf of themselves and others similarly situated,

                  **Plaintiffs,**

                  v.

RH NY MP F&B, LLC, and
RESTORATION HARDWARE, INC.

                  **Defendants.**

-----------------------------------------------------------x

**COMPLAINT**

**FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION**

**DEMAND FOR JURY TRIAL**

1.    Plaintiffs, on behalf of themselves and all others similarly situated, allege as follows:

## JURISDICTION AND VENUE

2.    This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

4. All Defendants are hereinafter collectively referred to as "Defendants."

5. Defendant RH NY MP F&B, LLC, is a New York corporation that operates RH Rooftop Restaurant in the Meatpacking District in Manhattan.

6. Defendant Restoration Hardware, Inc. is a Delaware corporation that owns and operates RH furniture stores throughout the Country, including the one in the Meatpacking District in Manhattan that housed and operated RH Rooftop Restaurant.

7. Plaintiff Jordan Frey has worked as a server at RH Rooftop Restaurant since early 2019.

8. Plaintiff Justine Hidalgo has worked as a server at RH Rooftop Restaurant since September 2018.

## FLSA COLLECTIVE ACTION ALLEGATIONS

9. Plaintiffs bring the First Claim for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all servers employed by Defendants at RH Rooftop Restaurant on or after the date that is three years before the filing of the Original Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

10. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully misappropriating their

2

tips. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

11. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

12. Plaintiffs bring the state law Claims for Relief (Third, Fourth, and Fifth), pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all servers employed by Defendants on or after the date that is six years before the filing of the Original Complaint in this case as defined herein (the "Class Period").

13. All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P. 23.

14. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that

number are presently within the sole control of Defendant, upon information and belief, there are more than fifty (50) members of the Class.

15. Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage, failure to give proper notices, and illegal retention of tips. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

16. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

17. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of

individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

18. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

19. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a) Whether Defendants employed Plaintiffs and the Class members within the meaning of the New York law.

b) At what common rate, or rates subject to common methods of calculation, was and is Defendants required to pay Plaintiffs and the Class members for their work.

c) Whether Defendants paid Plaintiffs and the Class members the state minimum wage for all hours worked.

d) Whether Defendants properly compensated Plaintiffs and Class members for overtime.

e) Whether Defendants illegally retained portions of Plaintiffs' tips and the Class members' tips.

f) Whether Plaintiffs and Class members were forced to share their tips with parties who are not entitled to their tips.

g) Whether Defendants provided Plaintiffs and Class members with the proper notices.

## FACTS

20. Plaintiffs' Consent to Sue forms are attached as Exhibit A.

21. Defendants committed the following alleged acts knowingly, intentionally and willfully.

22. Plaintiffs typically work 4-6 lunch and/or dinner shifts per week as servers.

23. A lunch shift begins at 9 a.m. and ends at 5 p.m., with a ½ hour break. Thus, the total length of a lunch shift is 7.5 hours. The doors typically open for service at 10 a.m. During the first 1 hour of lunch shifts, Plaintiffs do not (and cannot) perform tipped work. They perform sidework during this time. Sidework includes filling sugar containers, polishing plates, filling the dishware/silverware credenzas, and attending a pre-shift meeting. Plaintiffs also spend at

least 30 minutes at the end of these shifts performing additional sidework, including silver polishing, napkin folding and refilling the credenzas for dinner shifts.

24.     A dinner shift begins at 3:30, though actual service begins at 4:30 p.m. Plaintiffs perform a ½ hour of sidework until 4 p.m., at which they take a ½ hour break. Service begins at 4:30 p.m. and continues until 9 p.m. At 9 p.m. the kitchen closes, but Plaintiffs remain for at least two hours to tend to the remaining customers, but more importantly to perform a wide array of sidework, which occupies most of this time period. This sidework includes polishing plates and silverware for the next day, polishing glassware, stocking credenzas and resetting all the tables for the next morning.

25.     Defendants paid Plaintiffs pursuant to the New York foodservice workers minimum wage.

26.     For much of the time, Defendants were not entitled to use state tip credits to pay Plaintiffs less than the minimum wage, because they did not always give Plaintiffs proper notices of the tip credit and because Plaintiffs spent more than 20% of their shifts or more than 2 hours performing sidework.

27.     Defendants required all servers to pool their tips with each other and other individuals that did not perform customer service.

28.     For example, Defendants required Plaintiffs to share tips with utility workers whose primary duties were to stock and polish silverware/glassware and/or to clean the rooftop area, which is not part of the restaurant.

29.     Defendants also required servers to share tips with baristas that pour coffee and wine from the kitchen at RH Rooftop Restaurant. These individuals worked in the kitchen, and they did not interact with customers or work in the view of customers.

30. Finally, Defendants required Plaintiffs to share tips with baristas on the 3rd floor of RH, a place where coffee and pastries are sold but that is not part of the RH Rooftop Restaurant. These baristas operated in a completely different food section and floor than the servers in the restaurant, which is on the 5th floor. The 3rd floor baristas provided no customer service to the customers of the restaurant, and the servers should not have been required to pool tips with these individuals. On a typical night, the restaurant could have generated ten times the amount of tips as the 3rd floor coffee/pastry shop, but the servers had to give an almost equal share of their tips to the 3rd floor baristas. Essentially, Defendants were subsidizing the wages of the 3rd floor baristas on the backs of the restaurant servers, even though their work and service did not overlap.

31. Defendants did not give Plaintiffs proper notices and acknowledgment forms upon their hire.

32. Plaintiffs' wage statements did not include all of the information required by NYLL § 195, for example, it made no mention of the fact that Plaintiffs were being paid pursuant to a tip-credit.

33. Defendants committed the foregoing acts against Plaintiffs and the FLSA Collective Plaintiffs.

## FIRST CLAIM FOR RELIEF
**FLSA Illegal Deductions from Gratuities, 29 U.S.C. § 201, *et seq.*,
(Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiff against the Defendants)**

34. Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

35. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

36. At all relevant times, Defendants have employed, "employee[s]," including Plaintiff and each of the FLSA Collective Plaintiffs.

37. Throughout the statute of limitations period covered by these claims, Defendants knowingly failed to distribute gratuities to Plaintiff and the FLSA Collective Plaintiffs.

38. Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid gratuities, liquidated damages as provided by the FLSA, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

### SECOND CLAIM FOR RELIEF
**New York State Minimum Wage Violations, N.Y. Lab. L. §§ 650** *et seq.*
**(Brought By Plaintiffs on Behalf of Themselves**
**and the Class)**

39. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

40. Defendants knowingly failed to pay Plaintiffs the full New York State minimum wage.

41. Defendants did not pay Plaintiffs the New York minimum wage for all hours worked.

42. Defendants' failure to pay Plaintiffs the New York minimum wage was willful.

43. As a result of Defendants' willful and unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be

determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### THIRD CLAIM FOR RELIEF
### Illegal Deductions from Gratuities, N.Y. Lab. L. § 196-d
### (Brought by Plaintiffs on Behalf of Themselves and the Class)

44. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

45. Defendants willfully retained and continue to retain portions of Plaintiffs' tips and Class members' tips.

46. As a result of Defendants' willful and unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### FOURTH CLAIM FOR RELIEF
### New York Notice Requirements, N.Y. Lab. L. §§ 195, 198
### (Brought By Plaintiffs on Behalf of Themselves
### and the Class)

47. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

48. Defendants did not provide Plaintiffs and members of the Class with the notices/wage statements required by N.Y. Lab. Law § 195.

49. As a result of Defendants' willful and unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs and members of the Class, prays for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

C. Designation of this action as a class action pursuant to F.R.C.P. 23.

D. Designation of Plaintiffs as Representatives of the Class.

E. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

F. Penalties available under applicable laws;

G. Costs of action incurred herein, including expert fees;

H. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and other applicable statutes;

I. Pre-Judgment and post-judgment interest, as provided by law; and

J. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
       September 26, 2019

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By: _____
D. Maimon Kirschenbaum
Denise Schulman
32 Broadway
New York, NY 10279
Tel: (212) 688-5640
Fax: (212) 688-2548

*Attorneys for Named Plaintiffs, proposed FLSA Collective Plaintiffs, and proposed Class*

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

# EXHIBIT A

# CONSENT TO SUE UNDER
# FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by Restoration Hardware and/or related entities/individuals. I consent to be a plaintiff in an action to collect unpaid wages.

Jordan Renné Frey
_____
Full Legal Name (Print)

*[DocuSigned by: /s/ J. Frey — 36453D95E80440B...]*
_____
Signature

9/26/2019
_____
Date

# CONSENT TO SUE UNDER
# FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by Restoration Hardware and/or related entities/individuals. I consent to be a plaintiff in an action to collect unpaid wages.

Justine Hidalgo

_____
Full Legal Name (Print)

*[DocuSigned by: J. Hidalgo, D4B883181AED410]*

_____
Signature

9/26/2019

_____
Date